## SMITH V. HUDSON.

Decided April 26, 1890.

*Statutory purchase bond at execution sale—Defense of coverture is personal to married woman.*

Where a married woman executes the statutory bond for the purchase of land at an execution sale, giving the execution defendant as surety, the bond is voidable only at her instance; and if, upon default therein, the land is again sold under an execution against her and her surety, issued under the statutory judgment based upon the forfeited purchase bond, whatever title such surety may have is thereby divested.

APPEAL from *Chicot* Circuit Court.

CARROLL D. WOOD, Judge.

Ejectment by Smith against Hudson and Halliday to recover certain lands. The complaint alleged these facts:

The lands belonged to Todd. Under a judgment against Todd, Halliday caused the lands to be sold under execution. They were purchased on credit by Eveline Bolivar, a married woman, who executed her bond for the payment of the purchase money, as provided by section 3056 of Mansfield's Digest, giving Todd as her security. Upon default in the payment of the bond, an execution was issued on the statutory judgment arising from the forfeiture of the bond, and levied on the same lands. Halliday became the purchaser, and a sheriff's deed was executed to him. Subsequently another judgment was obtained against Todd, an execution was issued and levied upon the same lands, and Smith became the purchaser thereof.

The court sustained a demurrer to the complaint, and plaintiff appealed.

*U. M. & G. B. Rose* and *J. F. Robinson* for appellant.

Halliday acquired no title by reason of his purchase at execution sale. The bond executed by Mrs. Bolivar, a married woman, was void, and there was no statutory judgment against her. The bond constituted the judgment, and if void the judgment was void. A married woman cannot make a valid contract for the purchase or sale of lands, or execute the bond required by Mansfield's Digest, secs. 3035-6-7. 29 Ark., 346; 30 Ark., 385; 30 Ark., 612; 30 Ark., 729; 33 Ark., 437; 38 Ark., 57; 39 Ark., 357; 44 Ark., 112; 32 Ark., 776.

A judgment on a void bond is a void judgment. Freeman, Judg., sec. 117.

*D. H. Reynolds* for appellees.

The plea of coverture is personal to the *feme covert.* 36 Ark., 479. But the bond bound Todd, even if it was void as to Mrs. Bolivar, and whatever interest Todd had passed

by under the sale in 1876, and there was nothing left for sale in May, 1878, when Smith bought.

While a married woman may not contract generally, she can purchase lands and, for that purpose, execute a bond which will be "binding at least upon the land, if not creating any personal obligation against her."

Constitution of 1874, art. 9, sec. 7; 43 Ark., 163; 2 Black (U. S.), 458; 106 U. S., 338.

COCKRILL, C. J. In *Gardner v. Barnett*, 36 Ark., 479, it was ruled that the defense of coverture was personal to the *feme covert* and could not be pleaded by another; and in that case, as well as in *Chollar v. Temple*, 39 Ark., 238, it was held that the defense must be made by the woman before judgment in order to be availing to her. Both questions were practically decided in the previous case of *Norris v. State*, 22 Ark., 526-7, when the court, through Judge Fairchild, ruled that an execution which issued upon the statutory judgment arising by operation of law upon a forfeited delivery bond was not void by reason of the fact that the only surety on the bond was a married woman. While the statutory judgment is not *res adjudicata*, like the judgment of a court, the effect of the ruling in the case last mentioned is, that when a married woman is a party to it, it is voidable at her election only. That case rules this. A surety is as essential to a statutory bond and judgment as a principal. If a married woman may give color of validity to a statutory bond as surety for another, she can do so by signing for her own benefit with another as her surety. Compare *Fowler v. Jacob*, 62 Md., 326, and *Walker v. Jessup*, 43 Ark., 163.

It follows that the sale of Todd's interest in the lands in suit was divested by the sheriff's sale and conveyance made under the execution upon the forfeited purchase bond, in which he was surety for Mrs. Bolivar, and that he had no in-

terest to be acquired by the plaintiff at a sale had under a subsequent judgment.

The plaintiff must therefore fail in this action of ejectment.

Affirm.