## J. M. McDowell v. State of Mississippi.

CRIMINAL LAW. *Larceny. Promissory note. Value of same. Code* 1892, § 1176.

Under § 1176, code 1892, providing that "if any person shall steal any . . . note . . . the money due thereon, . . . shall be deemed the value of the article stolen, without further proof," it is not error upon the trial of one charged with the larceny of a promissory note, to exclude evidence offered to show that the paper was uncollectible by reason of the insolvency of the makers and their refusal to pay, and therefore worthless, or at least under the value of twenty-five dollars.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

The opinion states the case.

*Bramlett & Tucker*, for the appellant.

The essential element of the crime of larceny is the stealing of something valuable; and the two classes of larceny—grand and petit—are distinguished by the fact of whether or not the subject of the theft is under the value of twenty-five dollars. Code 1892, §§ 1173, 1174. Under the ruling of the court below, it is not necessary either to allege or prove the value of any of the writings mentioned in § 1176, code 1892. This interpretation of that section must be erroneous, for, otherwise, the theft of a Confederate States bond for $100, or a Union Bank bond of the same amount, neither of which have any real value, would be grand larceny, while the theft of twenty-four dollars in gold would be petit larceny. Absurdity can go no further than this proposition. The statute could not have meant more than that the face value should be taken *prima facie* as the actual value.

*Wiley N. Nash, Attorney-general,* for the state.

The question presented on behalf of the appellant is set at rest by § 1176, code 1892. The terms of the statute are too plain for comment. *Ita lex scripta est.*

Woods, J., delivered the opinion of the court.

After the prosecution had proved the commission of the felony charged, to wit, the larceny of the two promissory notes set out and described in the indictment, the prisoner offered to show "that the notes specified in the indictment were not collectible by law, on account of the insolvency of the makers and (their) refusal to pay the notes, and therefore that they are worthless, or, at least, under the value of twenty-five dollars," but, the state objecting to the introduction of this evidence, the court declined to permit the same to go to the jury. This ruling of the court is assigned for error by counsel for the defendant. The action of the court was so manifestly correct that it is only necessary to quote § 1176, code of 1892, viz.: "If any person shall steal any bond, covenant, note, bank bill, bill of exchange, draft, order, receipt, or other evidence of debt, or chose in action, or any public security issued by the United States, or any state, or any instrument whereby any demand, right, or obligation shall be created, increased, released, extinguished, or diminished, the money due thereon, or secured thereby and remaining unsatisfied, or which, in any event, might be collected thereon, or the property transferred or affected thereby, as the case may be, shall be deemed the value of the article stolen, without further proof thereof."

The offer of defendant was not to show that no money was due on the notes, or that no money was secured by the notes and remained unsatisfied, or that money, in any event, might not be collected on the notes proved to have been stolen. The statute was designed to relieve the state from the burden of proving the actual value of bonds, bills, notes, etc., by making the face value to be deemed the real value, without further

proof.    It surely was never before thought that two insolvent debtors, who had refused to pay their indebtedness, might steal the evidence of their indebtedness and successfully plead insolvency and a refusal to pay in justification of the larceny.    We discover no error in the charges given for the state, unless, indeed, instruction three is too favorable to the accused, but of this the defendant cannot complain.

*Affirmed.*