## HUGHES *v.* STATE.

Opinion delivered May 10, 1902.

1. WITNESS—INTERRUPTION OF CROSS-EXAMINATION.—Where the prosecutrix in a rape case testified that she became unconscious during the commission of the offense, and was asked on cross-examination how she knew what happened while she was unconscious, it was error for the court to state that the witness did not say that she was unconscious, or to stop the examination of the witness on that particular point. (Page 422.)

2. SAME—QUESTIONS AFFECTING CREDIBILITY.—It was error for the court to refuse to permit the prosecutrix in a rape case, a white woman, to be asked, "Did you ever go over to the levee camp, and sit around there with the negroes?" and "Were you ever at the levee camp at all?" as affirmative answers would have some tendency to affect her credibility. (Page 422.)

Appeal from Mississippi Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

STATEMENT BY THE COURT.

The appellant was indicted and tried for, and convicted of, the crime of rape, and was sentenced to be hung, in Mississippi circuit court in this state, and appealed to this court. The appellant was a negro boy, between 14 and 18 years of age. The prosecutrix (the injured party) was a white woman named Edna Dean. She testified that the appellee threw her down, dragged her out of the road, and raped her forcibly and against her will. On cross-examination she was asked by counsel for defendant: "Did you become unconscious at any time during the proceeding." She answered, "Yes, sir; I suppose I did." "You became unconscious." Answer "Yes, sir." Question. "About the time he choked you." Answer. "Yes, sir; I suppose I was." Question. "How long after he left you before you became conscious again?" Answer. "He was gone. I don't know how long he had been gone." Question. "If you became unconscious soon after he threw you down, and you don't know when he beat and bruised you, nor when he left you, how do you know just what happened while you were unconscious?" By the court: "Wait a minute. She did not say she was unconscious." Defendant's counsel: "We object to the court stating to the jury what the witness has or has not said. We submit what the witness did say, not only that she was unconscious, but that she did not know when defendant beat and bruised her, nor how long he had been gone from her when she again became conscious." The court: "What I mean is that you have gone far enough on that matter. Proceed with the examination in a proper manner." Exceptions were saved to the remarks of the court. Answer. "I knew something that went on, but I couldn't scream." The witness was also asked: "Did you ever go over to the levee camp, and sit around there with the negroes?" Objected to; objection sustained, and exceptions saved. "Were you ever at the levee at all?" (Objection sustained, and exceptions saved.)

*Appellant pro se.*

The allegations and proof must correspond. 5 Ark. 72; 32 Ark. 609; 55 Ark. 244, 389; 13 Ark. 688; 62 Ark. 459. The remarks of the court were improper. 51 Ark. 147; 54 Ark. 489; 60 Ark. 76; 35 Ark. 458; 60 Ark. 425; 59 N. E. 508; 29 S. E. 691; 29 So. 110; 60 Pac. 112; 60 S. W. 669; 60 Pac. 403; 13 Ark. 706; 58 Ark. 556; 29 Ark. 248; 54 Ark. 257; 51 Ark. 177.

*George W. Murphy, Attorney General,* for state.

There was no error in the exclusion or admission of evidence. 1 Greenl. Ev. (15th Ed.) § 54.

HUGHES, J., (after stating the facts.)   The court is of the opinion that the court was in error in interfering with the cross-examination of the prosecuting witness, and in saying, in the course of her examination before the jury, that she had not said she was unconscious, when the record shows plainly that she had said she was unconscious.   The court, even though he might have been mistaken as to what the witness had said in this behalf, should not have thus interfered in the cross-examination, and stated positively that she had not said she was unconscious.   This was a question of fact, which the jury should have settled.   The action of the court was prejudicial error, for which the judgment must be reversed.

We think, also, that the question to the prosecuting witness, "Were you ever at the levee camp at all?" and the question, "Did you ever go over to the levee camp, and sit around there with the negroes?" were proper, and should have been allowed.   If she had answered in the affirmative, the answer would have had some tendency to affect her reputation for truth and morality, and thus her credibility.   The cross-examination is a means of sifting the testimony of a witness, and is especially important to a defendant in a case of this kind.   It should not be interfered with or denied, unless in a clear case of abuse of the right.

"The court shall exercise a reasonable control over the mode of interrogation, so as to make it rapid, distinct, as little annoying to the witness, and as effective for the extraction of the truth as may be, but, subject to this control, the parties may put such legal and pertinent questions as they may see fit.   The court, however, may stop the production of further evidence on a particular point when the evidence on it is already so full as to preclude reasonable doubt."   Section 2955, Sand. & H. Dig.; *L. R. Junction Ry* v. *Woodruff,* 49 Ark. 381.

"Limiting the time for the examination of witnesses, the number of witnesses to a given point, stopping repetitions and irrelevant examinations, are matters necessarily confided to a trial judge. Business could not well be dispatched without it.   Thompson, Trials, §§ 352, 353.   It is only when the complaining party shows that this discretion has been abused that we interfere."   *Jones* v.

*Glidewell,* 53 Ark. 178. We think the discretion of the court did not extend so far as the court went in this case.

Reversed and remanded for a new trial.