GAZAWAY v. STATE.

4578                                    224 S. W. 2d 28

Opinion delivered October 31, 1949.

922

S. L. *Richardson,* for appellant.

*Ike Murry,* Attorney General, and *Robert Downie,* Assistant Attorney General, for appellee.

Ed. F. McFaddin, Justice. Appellant was convicted of grand larceny for the theft of a promissory note in the face amount of $400, and prosecutes this appeal.

From the evidence the jury could well have found the facts to be as recited in this paragraph: Woodrow Gazaway was the stepson of Enoch D. Phillips. Appellant at two different times had been the wife of Woodrow Gazaway, but claimed to be divorced from him at the time of the events herein detailed. In May, 1948, Phillips loaned Woodrow Gazaway and the appellant the sum of $400; and they executed to him their joint and several promissory note for said amount, secured by a mortgage of a truck and of a cow and increase; and both Woodrow Gazaway and the appellant signed the mortgage as well as the note. After disposing of the mortgaged property, Woodrow Gazaway left for parts unknown. In July, 1948, the appellant went to the home of Enoch D. Phillips and asked to see the said note. He handed it to her for inspection, but she departed with it; and it has never been found.

After the State developed the evidence above recited, Mrs. Gazaway offered as her defense, *inter alia,* that

Enoch D. Phillips surrendered the note to Woodrow Gazaway when he paid the note in full in June, 1948; and that she went to see Phillips about some personal matters, but that she did not take the note from him. The jury found against her on these facts, and the verdict is sustained by the State's evidence.

Appellant's motion for new trial contains 20 assignments, but her attorney has materially aided our study of the case by grouping the 20 assignments in three topic headings, which we copy from appellant's brief.

I. *Value of the Note.* "Grounds Nos. 1, 2, 3, 6, 7, 8, 9, 10, 15, 16, 18, 19 and 20 of the motion for new trial may well be presented together, as they sought a new trial because of (1) errors of the court in ruling adversely to the defendant's repeated contention that the note being worthless, nothing could be collected thereon, and therefore the grade of the offense could not be grand larceny; and (2) if such note was the subject of larceny, it would be, under the circumstances, only petit larceny."

II. *Refusal to Instruct on Petit Larceny.* "Grounds Nos. 12, 13 and 14 may well be argued together, as they allege error by the court in practically instructing a verdict for grand larceny against the defendant, and in failing to instruct the jury as to petit larceny."[1]

III. *Rulings as to Evidence.* "Grounds Nos. 4, 5 and 17 may well be argued together, as they go to the issue of the admission of incompetent and prejudicial testimony on behalf of the State, resulting in her conviction and an excessive punishment."

We discuss the issues as thus presented:

I. *Value of the Note;* and

II. *Refusal to Instruct on Petit Larceny.* Appellant's main insistence is that the said $400 note was worthless, so that even if she had taken the note, still she would not have been guilty of grand larceny; and she also insists that the court was in error in refusing

---

[1] Assignment No. 11 in the motion for new trial also related to an instruction involving the word "felonious"; and is considered in this same topic.

to charge the jury on the crime of petit larceny. Appellant offered testimony as to the poverty of herself and Woodrow Gazaway; and this evidence was designed to show that Enoch D. Phillips could never have realized anything on his note, so the taking of it was a matter of no consequence.

The trial court, in denying all of appellant's claims on these points, instructed the jury in the language of the statute—Section 41-3906, Ark. Stats. (1947)—which, stripped of language extraneous to this case, reads:

"If the property stolen consists of . . . any evidence of debt whatever . . . the money due thereon . . . shall be adjudged the value of the article stolen."

The promissory note was certainly "evidence of debt," since it was the promise of the Gazaways to pay $400 that had previously been loaned to them by Phillips. The statute fixes the face amount of the note, and not its realizable amount, as the value of the property stolen.

In *McDowell* v. *State,* 74 Miss. 373, 20 So. 864, the Supreme Court of Mississippi, in a case in which the defense was similar to the one here, said in regard to a statute similar to § 41-3906, Ark. Stats. (1947):

"The statute was designed to relieve the State from the burden of proving the actual value of bonds, bills, notes, etc., by making the face value to be deemed the real value, without further proof. It surely was never before thought that two insolvent debtors, who had refused to pay their indebtedness, might steal the evidence of their indebtedness, and successfully plead insolvency and a refusal to pay in justification of the larceny."

We adopt the above quotation as applicable to this case. The trial court in the case at bar was correct in its rulings concerning the value of the property, and also in its refusal to instruct concerning petit larceny.

III. *Rulings as to Evidence.* Appellant became a witness in her own behalf, and it is claimed that the trial court committed error in allowing the State to question

her on cross-examination as to two matters: (a) whether she and Woodrow Gazaway were in fact divorced when the money was borrowed and the note signed (it having been shown that they were occupying the same house); and (b) whether the cow included in the mortgage to Enoch D. Phillips was the same cow as the one mortgaged by appellant to a bank. We find no error in the court's rulings allowing the cross-examination as to these items, since such cross-examination was certainly designed to test the credibility of the appellant, who had become a witness in her own behalf. What we said in *Jutson* v. *State,* 213 Ark. 193, 209 S. W. 2d 681, is apropos:

"This court has repeatedly held that it is proper to interrogate a defendant, or other witness, on cross-examination, touching his recent residence, occupation and associations, as affecting his credibility as a witness. *Hollingsworth* v. *State,* 53 Ark. 387, 14 S. W. 41; *Hughes* v. *State,* 70 Ark. 420, 68 S. W. 676; *McAlister* v. *State,* 99 Ark. 604, 139 S. W. 684; *Sweeney* v. *State,* 161 Ark. 278, 256 S. W. 73."

See, also, *Hunt* v. *State,* 114 Ark. 239, 169 S. W. 773, L. R. A. 1915B, 131, 131 Ann. Cas. 1916D, 533, and *Trotter* v. *State, ante,* p. 121, 219 S. W. 2d 636.

Finding no error, the judgment is affirmed.