FOLSOM *v.* WATSON.

4-9175                                    228 S. W. 2d 1006

Opinion delivered April 17, 1950.

*Barber, Henry & Thurman,* for appellant.

*Talley & Owen* and *Max Howell,* for appellee.

GEORGE ROSE SMITH, J.   This action was brought by the appellees, four women who were injured in a collision between a car driven by the appellant and a car driven by the appellee Francis Watson and occupied by the other appellees as guests. In his answer the appellant denied any negligence on his part and by cross-complaint asserted a claim against Francis Watson for the damage to his own car. At the close of the testimony the trial

judge directed a verdict against the appellant on his cross-complaint. The issues raised by the plaintiffs' complaint were submitted to the jury, which returned verdicts totaling $2,550 for personal injuries and $723.35 for the damage to the Watson car. Judgments were entered accordingly.

Whether the appellant was negligent and whether the appellees were contributorily negligent were sharply disputed questions of fact. The accident happened in the city of Brinkley on March 24, 1948. The appellees testified that Francis Watson stopped her car upon reaching a through street in Brinkley and entered the intersection at a time when the appellant's car was approaching slowly from their right, about 250 feet away. They attributed the collision to the fact that the appellant increased his speed and drove into their car without attempting to avoid a collision. The appellant said that he was driving at a moderate rate of speed and indicated that the accident was caused by Francis Watson's failure to stop before entering the intersection.

The most serious assignment of error concerns rulings made by the trial court while the appellant was being cross-examined. The appellees' attorney was attempting to show that the appellant had offered to pay for the damage to the Watson car. Without detailing all the objections and exceptions we quote the material parts of the testimony:

"Q. Did you talk to the driver of the automobile or her husband after the wreck?

"A. I might have seen him and I might have told him to come on over to the house and see me.

"Q. Didn't you offer to pay Francis Watson's husband the damages to his car?"

(Objection by appellant's attorney.)

"The Court: This is cross-examination, Mr. Thurman.

"Q. Do you remember making the statement to him to come on in and you would pay him for the damages?

"A. No, sir, never. No, sir, I didn't."

(Renewed objection by appellant's attorney.)

"The Court: I think he is entitled to ask the man if he offered to make a settlement. He testified that he might have said to Francis Watson's husband to come on in and he would take care of the damages, or words to that effect."

We agree with the appellant's contention that these rulings were erroneous and prejudicial. It is familiar law that an offer of settlement is not admissible as evidence of liability. *Hinton* v. *Brown,* 174 Ark. 1025, 298 S. W. 198. Since the law favors the making of settlements without litigation it permits a person to suggest a compromise without thereby admitting that he has been at fault. In this case the question put was improper, but the court first ruled that it was permissible cross-examination. Upon a renewal of the objection the court stated that the witness had testified that he might have told Francis Watson's husband to come in and he would take care of the damages. This summation of appellant's testimony was inadvertently erroneous, for the witness had not admitted an offer to pay the damages. All that he had said was that he might have told Francis Watson's husband to come to the house and see him.

It is natural for a jury of laymen to attach great weight to any remark made by the trial judge. See *Western Coal & Mining Co.* v. *Kranc,* 193 Ark. 426, 100 S. W. 2d 676. In the case at bar the jurors were justified in concluding not only that an offer of settlement was a proper matter for their consideration but also that the trial court interpreted the appellant's testimony as an admission that he had made such an offer. In *Hughes* v. *State,* 70 Ark. 420, 68 S. W. 676, we held that it was reversible error for the trial court to remark that a witness had not said that she was unconscious, when in fact she had testified that she had been rendered unconscious. Here the appellant's liability was a closely contested issue, and we cannot say that the error complained of might not have been a decisive factor in the jury's deliberations.

It is also insisted that the proof supporting the cross-complaint presented questions of fact that should have been submitted to the jury. As the evidence may differ materially upon a new trial we think it unnecessary to discuss this contention.

Reversed and remanded.