FLOYD SUMMERVILLE *v.* STATE OF ARKANSAS

5725                                             484 S.W. 2d 85

Opinion   delivered September 4, 1972

*Louis W Rosteck,* for appellant.

*Ray Thornton,* Atty. Gen., by: *J. N. Tolley,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Floyd Summerville was convicted of first degree murder and sentenced to life imprisonment for the slaying of W. W. Dobbs. For reversal he contends that the court erred in admitting into evidence a confession and four .22 caliber slugs.

The record shows that on the night of September 18, 1970, after W. W. Dobbs had gone to bed, he answered a knock on his front door. After requesting his wife to bring him a gun, he was shot at three times through the storm door on his front door. Two of the bullets entered the body of Dobbs; and he died before his wife could help him to the bed. At about the same time or within a few minutes thereafter, four other neighbors of Dobbs received a knock on their door from a man wanting to get a drink of water or to get some battery jumper cables to start an automobile. Three members of the Onstott family identified appellant as the person calling on their home and as the person shooting at Mr. Onstott. Two of the .22 bullets involved were recovered from Dobbs' body, the third from the Dobbs' home and the fourth from the Onstott home. A ballistics expert identified the four bullets as being of the long-rifle type and as having an identical lubricant coating on them consistent with Remington brand ammunition.

The trial court determined the voluntariness of the confession in a "Denno Hearing" upon the testimony of Deputy Sheriff George Littles. George Littles testified that he advised the appellant of his constitutional rights before interrogating him and that appellant read the "Miranda Rights" form which was signed in the jail at approximately 5:45. The confession was given in the sheriff's office starting at 8:45, after the officers had explained to appellant the evidence connecting him with the murder.

The objection in the trial court to the introduction of the .22 caliber slugs into evidence was as follows:

"I'm going to object to the introduction of those. The slugs that were taken out of the Dobbs' house. I'm going to object to those others as coming from another crime. They have attempted to bring out an onslaught on some other individual, the Prosecutor is going to testify that some individual shot at some other and that's another crime. He's attempting to bring in here some evidence that was taken out of another house and dealing with another crime, Your Honor, in order to convict this man of murder. I'm going to move this time for a mistrial because the boy is charged with murder in the first degree and it's highly prejudicial to bring in an onslaught of any other crime that he is alleged to have done in the face of the jury to try him on murder."

The proof here is that appellant knocked on the doors of a number of homes in the same area and on the same night and that on such occasion he used a .22 caliber pistol in firing at Dann Onstott. Such proof was admissible to show the identity of appellant as being the one who knocked on the Dobbs' door in a similar manner. The proof that the .22 caliber bullets were of the long-rifle type and of the same brand of ammunition was nothing more than another thread of evidence connecting appellant with the shooting of Dobbs. For this purpose the evidence was competent even though it showed the commission of other crimes. See *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954); *Tarkington* v. *State,* 250 Ark. 972, 469 S.W. 2d 93 (1971), and *Kurck* v. *State,* 242 Ark. 742, 415 S.W. 2d 61 (1967).

The time between the signing of the rights form and the writing of the confession as well as appellant's psychotic symptoms during and after his military service of course are factors bearing upon the voluntariness of his confession but on the record here made we cannot say that the trial court's finding on the voluntariness of the confession is not supported by the evidence. Other than the innuen-

does raised in appellant's brief by the time lapse and appellant's psychotic symptoms while in Vietnam, all of the evidence is to the effect that the confession was voluntary.

Affirmed.