## Willie Lee PERKINS v.
## STATE of Arkansas

CR 75-22                                     523 S.W. 2d 191

### Opinion delivered May 27, 1975

*Eugene Hunt,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of capital felony murder in the perpetration of a robbery. Ark. Stat. Ann. § 41-4702 (Supp. 1973). His punishment was assessed at life imprisonment without parole. We first consider appellant's contention for reversal that the "Court erred by refusing to allow Thomas Crutchfield to testify that, although the appellant had signed a confession stating that he had robbed Crutchfield on January 6, 1974, this confession was false."

On February 17, 1974, a night watchman was found beaten to death by a person who was robbing vending machines. This is the same business location where Crutchfield was a night watchman when he was robbed. On April 20, approximately two months after the murder of the night watchman and three months after the Crutchfield robbery, the appellant was taken into custody by the police. On April 26, or about five days in custody, appellant was charged with felony murder. During this period of time, he signed several waiver of rights forms and confessions that he committed the murder. At a *Denno* hearing, evidence was adduced that the appellant is 23 years of age with a fifth grade education, having to repeat each grade. The psychiatric report, which was ordered by the court, revealed that appellant scored 66 on an I.Q. test, which placed him at the high end of the mild range of mental retardation. His memory and judgment were described as being poor. However, he had the ability to make decisions. Appellant did not testify at the *Denno* hearing, although he did testify before the jury that he was subjected to physical abuse and refusal of food. His testimony was controverted by state witnesses.

During the five days appellant was in custody and confessed to the robbery-murder, he also signed a confession that he had robbed Crutchfield. At the *Denno* hearing and before the jury, the appellant sought to show by Crutchfield that the confession was untrue. The proffer of proof was that Crutchfield would testify that he recognized his assailant and he was not the appellant.

We are of the view that this evidence, although it pertained to another crime, was relevant at the *Denno* hearing in

evaluating the voluntariness of the murder confession and also relevant and admissible for the jury's consideration in determining the controverted issue of the voluntariness of appellant's confession of the alleged murder. The Crutchfield confession was secured during a continuing in custody investigation of appellant's asserted criminal activities. We have said that "[T]he question of voluntariness must be determined by looking to the whole situation and surrounding of the accused." *Watson* v. *State*, 255 Ark. 631, 501 S.W. 2d 609 (1973). There we also said "[W]e have for some time been committed to an independent determination of the voluntariness of a confession based upon an examination of the entire record, whenever an attack is made upon federal constitutional grounds." Our recent case of *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1975), further defines our standard of appellate review.

In *Schneckloth* v. *Bustamonte*, 412 U.S. 218 (1973), the court listed numerous factors to be considered in determining whether a defendant's confession is free and voluntary. These include youth or age of the accused, lack of education, low intelligence, lack of advice as to his constitutional rights, length of detention, repeated and prolonged nature of questioning, and the use of physical punishment, such as being deprived of food and sleep. To the same effect is *Watson* v. *State, supra.* In the case at bar, it must be said that appellant's in custody confession to another crime, when the victim exonerates the confessor, is a factor which must be considered by the cour and by the jury as being relevant to the issue of the veracity and voluntariness of appellant's confession.

In view of the erroneous exclusion of the in custody Crutchfield confession and Crutchfield's proffered testimony that the appellant was not his assailant, we deem it unnecessary to consider appellant's contention that his confession as to the felony murder should be suppressed. There must be a reevaluation at retrial of his confession based upon whatever evidence is then adduced at a *Denno* hearing if found admissible. Suffice it to say we find no error in the court permitting the state to present certain witnesses without giving the requested notice to the appellant since they were in the nature of a rebuttal. Certainly, appellant has not

demonstrated any prejudicial error. *Lomax* v. *State*, 248 Ark. 534, 452 S.W. 2d 646 (1970). Furthermore, we think there was a sufficient chain of custody shown with reference to the admissibility of certain items of evidence. Since the posture of the evidence presented at a retrial will not necessarily be the same, we deem it unnecessary to discuss the sufficiency of the evidence.

Reversed and remanded.

HARRIS, C.J., not participating.