Darrell ELMORE *v.* STATE of Arkansas

CA CR 79-91                                           592 S.W. 2d 124

Opinion delivered December 19, 1979
Released for publication January 9, 1980

*John W. Achor*, Public Defender, by: *William H. Patterson, Jr.*, Chief Appellate Attorney, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

Marian F. Penix, Judge. Defendant was charged with Burglary and Theft of Property in violation of Ark. Stat. Ann. §§ 41-2002 and 41-2203, respectively. Allegations were on November 4, 1978 the defendant and two companions broke into Couch's Exxon Station in North Little Rock and took tools valued over $100.00. Also alleged was the defendant had previously been convicted of more than one but less than four other felonies, and his sentence should be made greater, accordingly. Defendant pleaded not guilty. Defendant was tried by a jury, found guilty, sentenced to fifteen years on the burglary charge and five years on the theft charge, the terms to run consecutively.

Before trial, a Denno hearing was held on the defendant's motion to suppress an in-custody statement which he made. The court allowed the statement introduced into evidence. From this ruling, the defendant appeals.

From the record we find State Police Investigator Lynn Chachere interviewed the Defendant at the Prairie County jail on November 9, 1978 at 11:30 p.m. Present was Chief Deputy Sheriff of Prairie County, Bruce Roe. Prior to the interview of the defendant, Trooper Chachere interviewed two other defendants, Mills and Edwards, who were the defendant Elmore's accomplices in several burglaries and had been arrested with Elmore. Trooper Chachere took down a lengthy statement from defendant Elmore. However, Elmore refused to sign the statement. Both Chachere

and Roe testified Elmore's statement was freely given. They also testified Chachere read Elmore his rights from the State Police standard rights waiver form and Elmore initialed each separate right and signed the form. The defendant Elmore testified in his own behalf. He denied having made the statement. He also stated his requests for an attorney were refused and alleged the officers threatened to "bust his head" if he didn't talk. The defendant also denied ever having read the statement.

At the conclusion of the Denno Hearing, the trial court found the defendant's statements to have been voluntary and that he had been advised of his rights. The defendant was 23 years old. The trial judge had the opportunity to personally observe him during the Denno Hearing and also at the time of his testimony during the trial.

There are several factors to be considered by the trial court in determining whether a defendant's confession was voluntarily given. These include the age of the accused, lack of education, low intelligence, lack of advice as to his constitutional rights, length of detention, repeated and prolonged nature of questioning, and the use of physical punishment. *Perkins* v. *State*, 258 Ark. 201, 523 S.W. 2d 191 (1975); *Watson* v. *State*, 255 Ark. 631, 501 S.W. 2d 609 (1973).

There is conflicting testimony as to what occurred at the time Trooper Chachere interviewed the defendant. The defendant testified he was threatened into making a statement, and also was denied the opportunity of calling an attorney. Both Trooper Chachere and Deputy Sheriff Roe testified the defendant was informed of his rights, that defendant voluntarily waived his rights, and that the defendant gave the statement to Trooper Chachere even though he wouldn't sign it.

This court must uphold the finding of the lower court unless such finding is clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 518 S.W. 2d 515 (1975); *Rouw* v. *State*, 265 Ark. 797, 581 S.W. 2d 313 (1979).

The fact the statement was unsigned does not render it inadmissible where the defendant is shown to have understood the substance of the statement. *Wong Sun* v. *U.S.*, 371 U.S. 471. See also, *Scott* v. *State*, 249 Ark. 967, 463 S.W. 2d 404 (1971).

Affirmed.

HAYS, J., dissents.

M. STEELE HAYS, Judge, dissenting. I am unable to join in the affirmance of this case for the reason that the trial court, as I view it, should not have admitted the purported confession of appellant into evidence. 23 C.J.S. *Criminal Law* § 833, pp. 237-238 states:

If a statement purporting to be a confession is given by accused, and is reduced to writing by another person, before the written instrument will be deemed admissible as the written confession of accused, he must in some manner have indicated his acquiescence in the correctness of the writing itself. If the transcribed statement is not read by or to accused, and is not signed by accused, or in some other manner, approved or its correctness acknowledged, the instrument is not legally, or per se, the confession of the accused; and it is not admissible in evidence as the written confession of accused.

[See also Annot., 23 A.L.R. 2d 919 (1952).]

The majority cites *Wong Sun* v. *United States*, 371 U.S. 471, for the rule that an unsigned statement is not rendered inadmissible where the defendant is shown to have understood the substance of the statement. However, I believe the facts in this case call for a different result. In *Wong Sun*, the United States Supreme Court specifically stated in regard to the unsigned statement:

The petitioner has never suggested any impropriety in the interrogation itself which would require the exclusion of this statement.

956

In this case, the appellant emphatically rejected the contents of the written statement at the *Denno* hearing. The written confession was an extrajudicial statement offered by the state for the truth of its contents. As such, it required proper authentication by the defendant. *State* v. *Rosa*, 170 Conn. 417, 365 A. 2d 1135 (1976); *Marshall* v. *State*, 339 So. 2d 723 (Fla. App. 1976); *People* v. *Lebron*, 360 N.Y.S. 2d 468 (1974).

In instances where any doubt exists as to whether a purported confession is given free of duress, the court could well require a tape recording of the interview to insure its authenticity. [See *State* v. *Goodwin*, 223 Kan. 257, 573 P. 2d 999 (1977).]

For the reasons stated above, I respectfully dissent.