Leverto "Tony" HOLMES and Gloria Estate
HOLMES *v.* STATE of Arkansas

CA CR 79-120                                    594 S.W. 2d 267

Court of Appeals of Arkansas
Opinion delivered February 6, 1980
Released for publication February 27, 1980

*John W. Achor,* Public Defender, by: *Theodore G. Holder,* Deputy Public Defender, for appellants.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The appellant, Leverto

Holmes, was convicted of robbery and theft, and his sister, Gloria Holmes, the other appellant, was convicted of attempted robbery. The case was tried to the court without a jury. The convictions resulted from an incident in which Judy Jones was battered and her car stolen. Leverto Holmes contends his confession, which was introduced in evidence, was illegally obtained. Gloria Holmes contends the evidence was insufficient to sustain her conviction, hearsay evidence was improperly admitted against her, and her constitutional right to confrontation was violated when the court considered Leverto Holmes' statement which implicated her. We affirm the convictions.

While she was on her way home from a party at 1:30 a.m., Judy Jones, who was alone in her car, struck or "bumped" the back of a vehicle which had stopped ahead of her at a traffic light. She testified the three occupants of the car she struck, two males and one female, got out of their car. She said as she was getting out of her car to ascertain whether any damage had been done, Leverto Holmes pulled her by the shoulder and struck her face. She testified the woman, whom she could not identify, said, "give us some money." Her testimony was that it was the female voice which spoke those words. A friend she had asked to follow her home in his car got out of his car to help her, and Leverto Holmes and the other male accosted him. Leverto Holmes then drove away in Ms. Jones' car, and the other man and woman drove away in the car they were driving when it was struck by Ms. Jones' car.

Ms. Jones' testimony was corroborated by that of her friend, Kenneth Martin, who was the person she had asked to follow her home. He, however, did not testify as to who, if anyone, spoke the words, "give us some money."

## I.   Leverto Holmes

Leverto Holmes was found driving Ms. Jones' car at approximately 3:30 a.m. the same morning as the incident

described above. He was placed under arrest at about 4:00 a.m. and questioned by police officers at around 8:30. His statement shows it was taken by police at 8:48 a.m. An arresting officer testified Leverto Holmes resisted arrest. In the statement, he admitted driving Mr. Jones' vehicle away from the scene, but did not admit touching, striking or threatening her in any way.

Citing *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1975); *Perkins* v. *State,* 258 Ark. 201, 523 S.W. 2d 191 (1975); and *Payne* v. *State,* 356 U.S. 560, 78 S. Ct. 844 (1958), the appellant contends his confession should not have been admitted. He contends the following factors made his confession inadmissible: (1) he was 16 years old; (2) he had an 8th grade education; (3) he had obviously been awake all night before the statement was taken and, (4) the "very nature of the crime" was indicative of his low intelligence.

In *Degler* v. *State, supra* the admission of a confession was upheld, and we find it of no help to the appellant's case except that it says the "totality of the circumstances" surrounding the taking of the statement must be considered. We will be guided by that principle.

In *Perkins* v. *State, supra,* the question was whether an accused should have been permitted to produce, at a preliminary hearing held to determine the validity of his confession, evidence that he had also confessed to another crime and that this other confession was demonstrably false. The supreme court held evidence of the making of another confession which was false was relevant to the validity and admissibility of the confession made by the accused in the case there at hand. We find no such circumstance in the case before us.

In *Payne* v. *State, supra,* the factors cited by the U.S. Supreme Court as making a confession inadmissible were as follows:

The undisputed evidence in this case shows that petitioner, a mentally dull 19-year-old youth, (1) was arrested without a warrant, (2) was denied a hearing

before a magistrate at which he would have been advised of his right to remain silent and of his right to counsel, as required by Arkansas statutes, (3) was not advised of his right to remain silent or of his right to counsel, (4) was held incommunicado for three days, without counsel, advisor or friend, and though members of his family tried to see him they were turned away, and he was refused permission to make even one telephone call, (5) was denied food for long periods, and finally, (6) was told by the chief of police "that there would be 30 or 40 people there in a few minutes that wanted to get him," which statement created such fear in petitioner as immediately produced the "confession." It seems obvious from the *totality* of this course of conduct, and particularly the culminating threat of mob violence, that the confession was coerced and did not constitute an "expression of free choice," and that its use before the jury, over petitioner's objection, deprived him of "that fundamental fairness essential to the very concept of justice," and, hence, denied him due process of law, guaranteed by the Fourteenth Amendment. [Footnotes omitted. Emphasis in original. 78 S. Ct. at 849-850]

The only factors in this case comparable to those in *Payne* are the relative youth and lack of education of the appellant. There is not even a hint of the kind of oppressive conduct by the authorities or the lack of appropriate warnings that appeared in *Payne*. The "totality of the circumstances" in this case leaves us with the conclusion the confession was voluntary and admissible.

## II.  Gloria Holmes

### A.  Hearsay Evidence.

Gloria Holmes complains that Judy Jones should not have been allowed to testify what she heard "the female" say while Jones was under attack. She contends, as Jones could not identify her, the statement could not be admissible under evidence rule 804(3) as it cannot be said to be a state-

ment against her interest in the role of declarant, as she cannot be identified by Ms. Jones as the declarant. We hold the evidence contained in Ms. Holmes' statement that she was with her brother at the scene of the incident plus Kenneth Martin's statement and that of Ms. Jones that only one female other than Ms. Jones was present sufficiently identified Gloria Holmes as the declarant.

## B. Cross-implicating Confession.

Ms. Holmes contends her brother's statement was used improperly against her. Neither accused testified at the trial. When Leverto Holmes' pretrial statement was introduced no objection was raisd to it on behalf of Gloria Holmes with respect to the part of his statement implicating her, or at least placing her at the scene. The objection with respect to cross-implicating confessions came only when Gloria's statement was introduced. The trial court said he would disregard the cross-implicating aspect of her statement, and he noted that Leverto Holmes' statement had already been read.

Had there been an objection to the cross-implicating aspect of Leverto Holmes' statement, and had the court agreed not to consider the part referring to Gloria Holmes, the evidence against her would still have been sufficient to sustain the conviction. As there was no objection to the introduction of Leverto Holmes' statement on the basis of its references to Gloria Holmes, we need not consider that problem. *McClendon* v. *State*, 266 Ark. 88, (Ark. App. 1979); *Hulsey* v. *State*, 248 Ark. 323, 451 S.W. 2d 869 (1970).

## C. Sufficiency of Evidence

As we stated in *McClendon* v. *State, supra,* we would dislike affirming a conviction on the basis of lack of objection below if we felt the objection and striking of the evidence would have made a difference in the outcome. This is not such a case, as the evidence against Ms. Holmes was sufficiently substantial absent Leverto Holmes' statement. In any event, we find no error was committed.

Affirmed.