CAHILL *v*. BRADFORD.

Opinion delivered November 8, 1926.

1. NEGLIGENCE—CONCURRING NEGLIGENCE.—Where a pedestrian's injuries were caused by the concurring negligence of the drivers of two cars, he may sue one or both of them, although he can have but one satisfaction.

2. EVIDENCE—OPINION OF WITNESS.—Testimony of a witness that skid marks were marks of a certain automobile in collision *held* admissible as against the objection that it was a conclusion of the witness, where the position of the cars had not been changed when the witness saw them, and he could see which car had skidded and the place from which it began to skid and the place where it stopped.

3. EVIDENCE—OPINION OF WITNESS.—The opinion of a witness is admissible where the subject-matter to which his testimony relates cannot be reproduced or described to the jury as it appeared to the witness and the facts upon which the witness is called upon to express his opinion are such as men in general are capable of comprehending and understanding.

4. MASTER AND SERVANT—COURSE OF EMPLOYMENT.—Whether the driver of defendant's service car, who, at the time of the collision which occasioned plaintiff's injuries, had detoured one block to go on an errand of his own and was returning to defendant's place of business, was engaged in the master's service at the time the injury occurred, *held* properly submitted to jury.

6. TRIAL—INSTRUCTIONS IGNORING ISSUES.—Instructions which ignored the contention that defendant would be liable although the negligence of his driver in a collision was not the sole cause of the injury, if such negligence so contributed to the injury that it would not otherwise have happened, were erroneous where there was evidence tending to prove that plaintiff's injuries were occasioned by the concurring negligence of the drivers of both cars.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

*W. H. Pemberton* and *W. R. Donham,* for appellant.

*Price Shofner* and *T. M. Mehaffy,* for appellee.

SMITH, J. M. E. Bradford is engaged in business as the M. E. Bradford Tire Company, and sells automobile tires in the county of Pulaski, and, as a part of the business, conducts what is called a road service, which consists in delivering tires and inner tubes on the roads and highways of the county as well as on the streets of the city of Little Rock, and, in connection therewith, owns and uses a number of service cars, with a driver for each car, who put on and installed the tires and inner tubes whenever he was called upon for such service.

Appellant Cahill was injured by the operation of one of these service cars, and brought this suit to recover damages to compensate the injury. He alleged, and offered testimony tending to show, that on the 9th day of June, 1924, he was standing on the sidewalk at the southwest corner of Second and Ferry streets, in the city of Little Rock, when the driver of one of the

Bradford service cars, while driving the car at a high and dangerous speed, and without having control of the car, drove the car on to the sidewalk where plaintiff was standing, pushing and forcing him entirely across the sidewalk and against a brick building which stands at the said corner, thereby breaking and crushing plaintiff's leg.

The answer contained a general denial of these allegations, and alleged the fact to be that, at the time of plaintiff's injury, the driver of the car was engaged in the discharge of a private errand of his own which had no relation to his employment, and that this was done without the knowledge or consent of defendant. It was further alleged that the driver was proceeding at a moderate speed, and was keeping a proper lookout, and was driving west on Second Street, where he approached the intersection of that street with Ferry Street, when another car, being driven south on Ferry Street, at a fast and dangerous speed, was suddenly propelled against the right fender and running-board of defendant's automobile, with great force and violence, causing the course of defendant's car to be changed to the left and south, and bending the rods and the steering apparatus of defendant's car, causing it to be run upon the sidewalk; that the collision was so sudden and violent that defendant's driver had no opportunity to avoid the collision, and the injuries sustained by plaintiff were caused solely by the careless and negligent operation of the automobile which ran into and against defendant's automobile.

There was a verdict and judgment for the defendant, from which the plaintiff has appealed.

Suit was brought against defendant Bradford alone, although there was testimony from which the jury might have found that the plaintiff's injury was occasioned by the concurring negligence of the drivers of both cars. This, of course, the plaintiff had the right to do, as the law is well settled that, if one is injured as the result of the concurring negligence of two or more joint tort-

feasors, the injured party may, at his election, sue one or more or all of them, although he can have only one satisfaction for his injury.

Among the witnesses who testified in defendant's behalf was J. P. See, who stated that "the skid marks were evidently the marks of the Ford, and it looked to me like the car had been pushed or jammed toward the sidewalk. These marks that I saw were skid marks where the car had been jammed toward the sidewalk. I mean swiped sideways."

This evidence was objected to by the plaintiff, on the ground that the witness was permitted to state a conclusion, whereas he should have described the conditions which he saw and left the inferences therefrom to be drawn by the jury.

We think this objection is not well taken. The position of the cars had not been changed, after the plaintiff's injury, when the witness saw them, and he could, of course, see and know what car had skidded and the place from which it began to skid and the place where it stopped. He said this was true because he saw the skid marks. This was not necessarily a matter of opinion. Preceding the language objected to—the language quoted —the witness had stated, as a part of the same answer, that the car (Bradford's) was hit about the end of the right fender. It would have required descriptive powers of a high order to have reproduced the scene witnessed by See without stating what he saw in the manner he did.

In the case of *Little Rock Traction & Electric Co.* v. *Nelson,* 66 Ark. 494, 52 S. W. 7, it was said: "As a general rule, witnesses who are not required to testify as experts must state facts, and not conclusions. The opinions of such witnesses are admissible on conditions which are correctly stated in *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 137, as follows: 'First, that the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time; and, second, that the facts upon which the witness is called upon to express his opinion are such

as men in general are capable of comprehending and understanding.' According to this rule, opinion evidence is not admissible when the fact is susceptible of being adequately exhibited to the jury in the ordinary way.''

There is involved in the answer of the witness a mixture of fact and opinion, but the portion of the answer which is objected to as an opinion is a part of the description of the conditions which the witness saw. It may have been difficult for him to have otherwise reproduced the scene to the jury, and the statement as a whole was one which men in general could comprehend and understand.

It is insisted that the court erred in submitting to the jury the question whether the driver of defendant's car had so far departed from the scope of his employment as to discharge defendant from liability for the negligence of the driver. It is a close question, under the facts of this case, whether this question should have been submitted to the jury. Defendant's driver had been to the Rock Island depot, which is on Third Street, to deliver tires, and had started to return to defendant's place of business, which is also on Third Street but a number of blocks west of the depot. The driver's most direct route would therefore have been to return via Third Street, but, instead of this, he was returning on Second Street, a street which is adjacent to and parallel with Third Street. If only this had been shown, we would hold, on the authority of the cases of *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229, and *Bizzell* v. *Hamiter,* 168 Ark. 476, 270 S. W. 602, as a matter of law, that the detour was so slight that there had been no departure from the master's business. The testimony shows, however, that some white man had given to defendant's driver, who is a colored man, a suit of clothes, which required altering, and that the driver was on the way to the shop of a tailor on Second Street to have the alteration made. This was a matter of which the master had no knowledge or concern and which had no relation to the driver's employment, and we have

concluded therefore that there was a question for the jury, whether the servant was pursuing the general course necessary to accomplish the purposes involved in his master's business at the time the injury occurred. The instructions given conformed to the opinion of this court in the case of *Healey* v. *Cockrill, supra,* where the authorities were reviewed and the law of the subject declared.

As has been said, the defendant interposed two defenses. The first was the one which we have just discussed and have said was properly submitted to the jury. The second was that the injury was caused solely by the negligence of the driver of the car which collided with defendant's car. That car was a Star car, and is referred to by the witnesses under that name. Defendant's car was a Ford roadster.

The instructions given by the court, at the request of the plaintiff, were to the effect that defendant would be liable if the injury was caused by the negligence alone of the driver of defendant's car or as a result of the concurring negligence of the driver of defendant's car and that of the driver of the Star car. Without further recitation of the testimony, it may be said that the testimony is sufficient to support a finding either that the negligence of defendant's driver was the sole cause of the injury or that the injury was occasioned by the concurring negligence of the drivers of both cars. On behalf of defendant the testimony was to the effect that the negligence of the driver of the Star car was the sole cause of the injury.

It is insisted that the instructions given on behalf of the defendant do not properly take into account the theory that defendant would be liable if the injury to plaintiff was the result of the concurring negligence of the two drivers, an objection which was specifically made to a number of the instructions given at the defendant's request.

We have concluded that the objection is well taken, and that the instructions given at defendant's request are erroneous for this reason.

The court gave, at defendant's request, instructions numbered 2, 3, and 10, which read as follows:

"2. You are instructed that, before you can find the defendant liable in this case, it must be shown by the greater weight of testimony: First, that the defendant was guilty of negligence that caused the injury; second, that he was in the employ of the defendant at the time; and, third, that the injury was committed at a time when the servant was in the prosecution of his master's business; and if the plaintiff has failed to show either of these by a fair preponderance of evidence, then your verdict must be for the defendant.

"3. The burden of proof is on the plaintiff to make out his cause by a fair preponderance of the evidence, and you are therefore instructed that, if he has failed to show either that the defendant's driver was guilty of negligence that caused the injury, or that the injury was caused while the driver was in the prosecution of defendant's business, in either event your verdict will be for the defendant."

"10. You are instructed that, before the plaintiff is entitled to recover in this case, he must show by a fair preponderance of the evidence, not only that the defendant's servant was negligent, but that his negligence, without the intervention of any other independent agency, caused the injury, and, if he has failed to do this, your verdict must be for the defendant."

It is insisted, in defense of these instructions, that, when read in connection with the instructions given at the request of the plaintiff, the law of the case was submitted as a harmonious whole, and that these instructions were necessary to make it plain that it was essential, before defendant could be held liable for the injury, for the jury to find that the injury was due to the negligence of defendant's servant, either alone or in concurrence with that of the driver of the other car.

We think, however, in view of the specific objection made to these instructions, that they cannot be thus reconciled with the instructions on the subject given at the request of the plaintiff. *Garrison Co.* v. *Lawson,* 171 Ark. 1122. Each of these instructions told the jury under what conditions the verdict should be for the defendant, and none of them took into account the fact that the defendant would be liable, although the negligence of his driver was not the sole cause of the injury, if such negligence so contributed to the injury that it would not otherwise have happened.

We think instruction numbered 10 is especially objectionable, in view of the issues of fact in the case, and for the error in giving this instruction, as well as instructions numbered 2 and 3, the judgment of the court below must be reversed, and the cause remanded for a new trial, and it is so ordered.