CONWAY *v.* HUDSPETH.

5-1698                                     318 S. W. 2d 137

Opinion delivered December 1, 1958.

*Gordon & Gordon*, for appellant.

*Walker & Villines* and *N. J. Henley*, for appellee.

GEORGE ROSE SMITH, J.   This is a three-sided lawsuit arising from a traffic collision involving a car owned by the appellees Hudspeth, a truck owned by the appellee Steen, and a car owned by the appellant Conway and being driven by his employee, the appellant Bert Smith, Jr.   By the pleadings each set of parties charged the other two with negligence and sought damages from the other two.   The jury attributed the collision solely to the negligence of Conway's employee, Smith, and judgments were accordingly entered in favor of the Hudspeths and in favor of Steen and his daughter, who was riding with him at the time.   The appellants question the sufficiency of the proof, the court's rulings upon the admissibility of evidence, and one of the instructions to the jury.

The accident happened on the afternoon of January 28, 1957, at a point on Highway 65 near the western edge of the city of Marshall.   Steen was traveling west in his truck and had slowed down with the intention of turning to his left across the highway to enter a service station.   The Conway car was following Steen and the Hudspeth car was approaching from the opposite direction.   The pivotal question of fact at the trial was the order in which Steen's truck collided successively with the two cars.   That is, did the Conway car strike the truck from behind and knock it into the path of the Hudspeth car, or did Steen himself drive slightly across the center line into the lefthand traffic lane, where his truck was hit by the Hudspeth car and thrown back into the path of the Conway vehicle?   The jury evidently adopted the view first mentioned.

In questioning the sufficiency of the evidence the appellants insist that Steen's testimony cannot be reconciled with the physical facts.   Steen testified that he had

not begun his turn when he was struck from behind, and from this statement the appellants argue that a blow from the rear would have thrust the truck straight ahead instead of leftward. This reasoning is sufficiently answered by the fact that the Conway car's damage was to the left front end and the truck's damage to the right rear end. The jury doubtless concluded that the truck received a glancing blow which caused it to swerve to the left.

Conway asked for a directed verdict, contending that his adversaries had not proved that Conway's employee, Smith, was acting within the scope of his employment when the collision occurred. We think the court was right in holding that the proof made this an issue for the jury's determination.

Smith, a boy of seventeen, was employed from time to time to wash cars and do odd jobs at Conway's used car lot. On the afternoon of the accident a man named Karns had become ill at Conway's place of business. Conway and Smith drove Karns to a hospital, where he obtained medicine. After leaving the hospital Conway alighted from the car and instructed Smith to take Karns home "and come right back." Smith says that he drove Karns to his home, and then "I started out to see about my granddad," who lived perhaps a half mile west out Highway 65. Smith states that he was on his way to his grandfather's house when the accident happened.

We are unable to say that the undisputed proof required the jury to find that Smith had left the course of his employment. In the first place, the geographical setting is not clearly disclosed by the proof. Conway's used car lot, to which Smith was to return, is in the downtown business district of Marshall, and the collision took place within the city limits, near the western edge of town. We are not told, however, where the Karns house is, except that it is in the north part of town, north of Highway 65. If the house were due north of the point of the accident Smith's deviation from the

most direct return route might have been so slight as to support a finding that there had been no departure from the master's business. *Cahill* v. *Bradford,* 172 Ark. 69, 287 S. W. 595.

In the second place, Conway testified that he had another place of business on beyond the point of the accident and that he himself made numerous trips there every day. Since both Conway and Smith were interested parties, the jury was not required to accept Conway's uncorroborated statement that he instructed Smith to come right back or to accept Smith's unsupported testimony that he had started to see about his grandfather. *Bullock* v. *Miner,* 225 Ark. 897, 286 S. W. 2d 328. Inasmuch as the route that Smith was traveling led both to the object of his personal mission and to his employer's second place of business, it was for the jury to say which destination Smith had in mind when he began the trip.

Several contentions relate to the admissibility of evidence. Thomas Martin, who was the driver of the Hudspeths' car, testified on direct examination that after the accident he asked Steen whether he had driven across the center line or had been knocked across, and Steen said he believed he was knocked across. No objection was made at the time, but at the close of Martin's cross examination counsel for Conway and Smith asked that the testimony be excluded. The court instructed the jury that Martin's statement of what Steen had said should not be considered as evidence against Conway and Smith, but it might be considered for any other purpose.

We perceive no error in the court's ruling. Since the objection was not interposed in time to prevent the jury from hearing the statement, the court's later admonition to the jury was as favorable a ruling as the appellants could then expect and in effect sustained their objection. Their present argument is that the statement should have been excluded altogether; but the statement was competent against Steen as an admission, for there is no requirement that the admissions of

a party to the suit must also be declarations against his interest in order to be admissible. Wigmore on Evidence (3d Ed.), § 1048. What we have said also disposes of a similar objection that was made during the testimony of Gerald Bert Hudspeth.

The appellants called as a witness a trained state police officer, who had investigated the accident before the vehicles were moved, and attempted to elicit his opinion as to the order in which the collisions occurred. When the court sustained an objection to this testimony, counsel stated that the officer would have testified that in his opinion the Hudspeth car struck the Steen truck and knocked it backwards against the Conway car.

We do not agree with the appellants' contention that the proffered testimony was admissible as the opinion of an expert. It has been said that the courts look with disfavor upon attempts to reconstruct traffic accidents by means of expert testimony, owing to the impossibility of establishing with certainty the many factors that must be taken into consideration. *Moniz* v. *Bettencourt*, 24 Cal. App. 2d 718, 76 P. 2d 535. In the case at hand the officer was not asked to describe every physical fact that he had seen and then to explain his deductions, in the manner that ballistic experts often explain their conclusion that a certain weapon fired a certain bullet. Here the officer was asked his opinion on the basis of the position of the vehicles, the damage to them, "and other physical evidence found at the scene." In the absence of anything to indicate that it was beyond the jurors' ability to understand the facts and draw their own conclusions, there was no need to resort to expert opinion. *Mo. Pac. R. Co.* v. *Barry*, 172 Ark. 729, 290 S. W. 942.

The appellants sought to show that Steen, after the Hudspeths had filed suit, said to Conway: "I don't want to get in a lawsuit over this; he said my pickup is a total wreck, and I am willing to sell the salvage and pay it on it, if we can get it stopped." The trial court correctly ruled the statement to be inadmissible, for it in-

dicates only a willingness to compromise and does not amount to an unqualified confession of fault. *Folsom* v. *Watson,* 217 Ark. 158, 228 S. W. 2d 1006.

J. L. Hensley, a witness for the appellants, testified that he was following the Conway car and saw the collision. On cross examination he denied having told Steen that he had not seen the collision. On rebuttal Steen was permitted to testify that he had talked with Hensley and that Hensley had said that he did not see the accident happen.

It is now insisted that no proper foundation for Steen's rebuttal was laid, in that Hensley was not informed of the exact time and place of his asserted statement to Steen. In fairness to the trial court this contention cannot be sustained. The only objection to Steen's rebuttal was this: "If the court please, the statement to him by J. Lee Hensley is not admissible." The court ruled that the evidence was competent for the sole purpose of going to Hensley's credibility, and the objection was pursued no further. We think the court reasonably understood the objection as being based upon the hearsay rule, and upon that understanding the ruling was correct. If counsel thought that no proper foundation had been laid, the point should have been brought specifically to the court's attention. Had that course been followed the omission now complained of might readily have been supplied in the trial court. See *Degen* v. *Acme Brick Co.,* 228 Ark. 1054, 312 S. W. 2d 194.

Finally, it is contended that the court should not have given an instruction on the issue of Smith's possible negligence in following too closely behind the Steen truck. It is true that no eyewitness testified that Smith was too close, as neither Martin nor Steen saw the Conway car before the accident. But Smith testified that he applied his brakes as soon as he saw the truck coming back toward him, and the proof is that his skid marks were only twelve feet in length. From this evidence the jury may have concluded that Smith was not keep-

ing a reasonable distance behind the vehicle ahead of him.

Affirmed.

WILLIAM J. SMITH, J., not participating.