1096                                    [241

S AND S CONSTRUCTION CO. ET AL *v.* A. J. STACKS ET AL
5-4116                                  411 S W. 2d 508

Opinion delivered February 20, 1967

EVIDENCE—OPINION EVIDENCE—GROUNDS FOR ADMISSION.—Admission
of investigating officer's opinion testimony as to the point of
impact of vehicles involved in collision held error.

Appeal from Conway Circuit Court, *Russell C. Roberts, Judge;* reversed and remanded.

*S. Hubert Mayes Jr.* for appellant.

*Felver A. Rowell Jr.* for appellee.

CONLEY BYRD, Justice. Appellants, S and S Construction Company and Marvin Sherman, bring this appeal from a tort judgment in favor of the owner, driver and passengers of an automobile which was involved with appellants' 2010 John Deere tractor, equipped with a front end loader and back hoe attachment and being used in construction of a sewer near Highway 64 in the city of Plumerville, Conway County, Arkansas. Appellants rely upon two points only for reversal:

I. The trial court erred in admitting the opinion testimony of the investigating officer as to the point of impact.

II. The verdicts for personal injuries of appellees in this case were grossly excessive.

The facts show that appellees, Mr. A. J. Stacks et al, were traveling west on Highway 64 in the city of Plumerville when they struck the front end loader scoop with the right side of their vehicle, and then struck a cotton trailer proceeding in the opposite direction. The driver and two passengers were in appellees' vehicle, and the operator and two witnesses for appellants were present at the time of the occurrence, all of whom testified as to the point of impact. Notwithstanding, appellees called

the officer who arrived at the scene of the accident some twenty or thirty minutes later and asked him if he were able to determine the point of impact between the 2010 John Deere pay loader and the Stacks automobile. The state trooper testified that from the debris and the tire marks he was so able to determine the point of impact. Over the objection of appellants the trooper was permitted to testify as follows:

> "The Stacks car was traveling west—Of course, when I arrived at the scene, as I said, the payloader was sitting off the pavement on the shoulder, but had been in this position, digging a ditch putting in a sewer system. And on the front of the payloader is a ditch digger: and on the back of this loader is a scoop where they pick up the dirt and load it on the truck. It was sitting in this position digging this ditch, *with the scoop overhanging out into the west bound lane of traffic*. The vehicle traveling west hit the back end of the scoop of the payloader." (Emphasis added.)

We had a similar problem before us in *Reed* v. *Humphreys*. 237 Ark. 315, 373 S. W. 2d 580 (1963). We there said:

> "The collision here in question was uncomplicated and there were photographs of the automobile, truck, and the scene of the accident, showing gouges and marks on and off the road, as well as testimony of witnesses who vividly described the conditions prevailing and the scene. The police officer's testimony conflicts in part with testimony of some of appellee's witnesses who arrived at the scene before the officer; however, virtually the only fact testified to by the officer not already clearly covered by testimony of witnesses for both appellee and appellants was the location of debris on the highway. which the officer testified about, in detail and at length. As was stated in the *Waters* case, *supra*, 'The facts to be determined were not complicated.

This was a relatively simple collision. Certainly there was no evidence to indicate that it was beyond the jury's ability to understand the facts and draw it's own conclusions. The state of the record being thus, we find that the trial court erred in allowing appellee to resort to such expert opinion.'

"It follows, therefore, in the present case, that the trial court committed no error in excluding the police officer's testimony. In so holding, we take this occasion to restate the rule so succinctly stated in *Cahil v. Bradford*, 172 Ark. 69, 287 S. W. 595, 'Opinion evidence is not admissible when the fact is susceptible of being adequately exhibited to the jury in the ordinary way.' "

Therefore, we hold that the admission of the officer's opinion testimony as to the point of impact was error.

While the damages awarded appellees are a bit liberal, we need not review them here since the issue may not arise on a new trial.

Reversed and remanded.