Patricia Kozel PARKER *v.* STATE of Arkansas

CR 80-26                597 S.W. 2d 586

Supreme Court of Arkansas
Opinion delivered April 21, 1980
Rehearing denied May 19, 1980

442

*Paul Johnson,* for appellant.

*Steve Clark,* Atty. Gen. by: *James F. Dowden,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Patricia Kozel Parker was convicted of two counts of theft by deception in the Pulaski County Circuit Court and sentenced to serve ten years in the state penitentiary on each count with the sentences to run concurrently. She had entered a plea of not guilty by reason of mental disease or defect, and the case was tried to the trial judge sitting as a jury.

On appeal she alleges five errors, all of which we find to be without merit and, therefore, we affirm the judgment of the trial court.

The offense with which Patricia Parker was charged was that she pursued a check "kiting" scheme which resulted in a substantial loss to two Pulaski County banks. She makes no argument on appeal that she was not guilty as charged. Her argument is that she was not guilty because of a mental disease or defect. Both the State and Parker submitted expert testimony from psychologists and psychiatrists as to her mental condition. Parker's defense was that she had a dual personality. Her other personality was known as Pam Lease. It was Pam Lease, not Pat Parker, who conducted the check "kiting" scheme and Pat Parker had no control, knowledge

or responsibility for what Pam Lease did. However, Pat Parker would serve the sentence, not Pam Lease. The trial judge found that the defense had failed to prove by a preponderance of the evidence that Patricia Parker was legally insane.

The first allegation of error is that the trial judge refused to permit the appellant Parker to introduce in evidence the results of a sodium amytal interview which was conducted at the University of Arkansas Medical Center in 1977. Dr. Charles Taylor, a psychiatrist who examined Mrs. Parker in 1977 at the Arkansas State Hospital, testified that he reached the conclusion Mrs. Parker was without psychosis. He was asked if he considered the record of the sodium amytal test which was in the State Hospital file when he made his diagnosis. At first Dr. Taylor said he did not consider it and the trial judge ruled that if he had not, it would not be admissible. Then Taylor conceded that he and several others had with some difficulty made out the microfilm record of the sodium amytal analysis.

The argument to us on appeal is that the sodium amytal record should have been admitted into evidence. That argument is misapplied. Dr. Taylor did not have the record before him when he testified; he was not an employee of the Arkansas State Hospital at the time he testified. No serious effort was made to cross-examine Dr. Taylor, an expert witness, as to whether the sodium amytal record affected his judgment. Such an examination would have been permitted under Rule 703, Uniform Rules of Evidence. Also, the appellant would be entitled to admit such evidence to the trier of fact regardless of whether the expert witness relied upon it, Rule 803(4), Uniform Rules of Evidence, subject only to authentication of the record. Apparently, the microfilm record of the test was available to the defense, either through discovery or was in the courtroom at the time the case was tried. However, that microflim record was never proffered in evidence. We have ruled many times that there must be a proffer of the evidence that is improperly excluded for us to find error. *Duncan v. State,* 263 Ark. 242, 565 S.W. 2d 1 (1978); *Goodin v. Farmers Tractor & Equip. Co.,* 249 Ark. 30, 458 S.W. 2d 419 (1970).

See also, Ark. Stat. Ann. § 28-1001, Rule 103(a)(2) (Repl. 1979).

The second allegation of error is that the State called two witnesses in rebuttal, a psychologist and a psychiatrist, and their names were not furnished by the State as required by Rule of Crim. Proc., Rule 17.1(a). That rule does require the prosecuting attorney to disclose to defense counsel the names and addresses of persons he intends to call as witnesses at a trial. However, this does not mean that the prosecuting attorney has to furnish the defense counsel the names of witnesses he calls in rebuttal. It was the burden of the defense in this case to prove legal insanity. *Hill* v. *Lockhart,* 516 F. 2d 910 (8th Cir. 1975); *Bell* v. *State,* 120 Ark. 530, 180 S.W. 186 (1915); *Coates* v. *State,* 50 Ark. 330, 7 S.W. 304 (1887). There was no obligation on the part of the prosecuting attorney to offer any evidence regarding the mental condition of Parker and the two witnesses that were called were indeed rebuttal witnesses to testimony offered by Parker. We held in *Perkins* v. *State,* 258 Ark. 201, 523 S.W. 2d 191 (1975) that it was not error for the prosecuting attorney to fail to disclose the name of a rebuttal witness. While that case was decided before the effective date of the Rules of Criminal Procedure, it is sound law. There is no way that a prosecuting attorney can anticipate whom he will call in rebuttal until the defense presents its case. If a witness called in rebuttal is a genuine rebuttal witness, offering evidence to rebut that presented by the defense, not pertaining to evidence the State would be obligated to present in its case in chief, then the State is not required to funish the name of such a witness.

Parker argues that the trial judge improperly held that a psychologist could testify as an expert. Whether a witness qualifies as an expert is a matter to be decided within the sound discretion of a trial court. In absence of abuse of that discretion, we will not reverse the decision of the trial court. *Smith* v. *State,* 258 Ark. 601, 528 S.W. 2d 389, cert. denied 425 U.S. 912, 96 S. Ct. 508, 47 L. Ed. 2d 762 (1976); *Ray* v. *Fletcher,* 244 Ark. 74, 423 S.W. 2d 865 (1968); and *Firemen's Insurance Co.* v. *Little,* 189 Ark. 640, 74 S.W. 2d 777 (1934). We find no abuse in this case regarding the trial court's decision.

Dr. George Jackson was called as a rebuttal witness and testified in the abstract regarding the use of sodium amytal as a method of discovering whether one has a multiple personality. Dr. Jackson, a psychiatrist with years of experience, essentially testified contrary to an expert witness called by the defense. The defense argues this was error since Dr. Jackson had not examined Parker. We cannot say the trial judge abused his discretion in permitting this testimony. Certainly, not simply because it was presented in the abstract. His testimony was relevant to a fact in issue.

Finally, the appellant argues that the verdict is contrary to the evidence and that the law and the evidence will not support the verdict. We do not attempt to weigh the evidence or pass on the credibility of the witnesses where the testimony is in conflict. *Pope* v. *State,* 262 Ark. 476, 557 S.W. 2d 887 (1977). It was the trial judge's duty in this case, sitting as a jury, to determine if Parker was legally sane or insane. He decided she was sane and we find substantial evidence to support that finding.

Affirmed.