Sam SMITH & Danny VAUGHN *v.* Earl R. DAVIS

83-216                                                  663 S.W.2d 165

Supreme Court of Arkansas
Opinion delivered December 19, 1983

*Larry Hartsfield,* for appellants.

*David Hodges,* for appellee.

DARRELL HICKMAN, Justice. This automobile accident case presents only one question: Whether the trial court erred in refusing to allow a policeman to give opinion testimony regarding the point of impact between the vehicles driven by one of the appellants and the appellee. While that decision was in keeping with some of our decisions, Univ. R. Evid. 701 and 702 have no doubt superseded those cases. Therefore, the judgment is reversed and the cause remanded. It is unnecessary to reach the issue of whether the appellants furnished before trial the name of a witness. The appellants' attorney will no doubt be more diligent in complying with rules of discovery on a retrial.

The case arose from an accident near Tuckerman in Jackson County, Arkansas. Danny Vaughn was driving an 18-wheel tractor trailer owned by Sam Smith on Highway 37. He attempted to pass a vehicle driven by Davis going in the same direction. Undoubtedly one of the vehicles crossed the center line because a collision resulted, damaging both vehicles and injuring both Vaughn and the parties in Davis' vehicle. Vaughn and Smith sued Davis, alleging negligence; Davis counterclaimed. The jury found that Vaughn was totally at fault and awarded Davis $2,715 in damages.

The appellants attempted to qualify an Arkansas state policeman who investigated the accident as an "expert" to testify where, in his opinion, the point of impact occurred. The officer was allowed to testify regarding the physical facts, the location of debris and skid marks. That is, the officer was able to give the usual information that is available to the jury about the accident, but not allowed to give his opinion of where the point of impact occurred. In some cases, directly on point, we have said that officers cannot testify as to the point of impact. All were before the adoption of the Uniform Rules of Evidence in 1976. *S and S Construction Co.* v. *Stacks,* 241 Ark. 1096, 411 S.W.2d 508 (1967); *Reed* v. *Humphreys,* 237 Ark. 315, 373 S.W.2d 580 (1963); *Waters* v. *Coleman,* 235 Ark. 559, 361 S.W.2d 268 (1962).

But in *Nelson v. Busby,* 246 Ark. 247, 437 S.W.2d 799 (1969), we allowed the opinion testimony of an investigating officer as to the point of impact where the only objection had been to the officer's lack of experience and insufficient investigation. We said the objection was not well taken because the officer had detailed his experience and had established through his testimony that he had made a thorough investigation.

Rule 701 appreciably changed the use of opinion testimony in trials. Rule 701 applies to opinions by laymen, or nonexperts, and reads:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) Rationally based on the perception of the witness; and (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

Professor Weinstein believes this rule was intended to relax the requirements on the use of opinion testimony. He states for instance, about expert opinion testimony:

> Because of the Federal Rules' emphasis on liberalizing expert testimony, doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unelss there are strong factors such as time or surprise favoring exclusions. The jury is intelligent enough, aided by counsel, to ignore what is unhelpful in its deliberations. 3 Weinstein's Evidence para. 702 [02] (1982).

There are many precedents from other states that permit an investigating officer, who relates sufficient facts to support a conclusion, to give his opinion on the point of impact. *E.g., Goslin v. Bacome,* 107 Ariz. 432, 489 P.2d 242 (1971); *Nizer v. Phelps,* 252 Md. 185, 249 A.2d 112 (1969); *Poston v. Clinton,* 66 Wash. 2d 911, 406 P.2d 626 (1965); *Grant v. Clarke,* 78 Idaho 412, 305 P.2d 752 (1956); *Zelayeta v. Pacific Greyhound,* 104 Cal. App. 2d 716, 232 P.2d 572 (1951).

We need not expand our decision beyond the facts of this case: Where an officer investigates a vehicle accident, observes sufficient relevant evidence such as skid marks, debris from the vehicles, position of the vehicles, or makes other observations, and where he can rationally form an opinion about the point of impact, he should be allowed to testify as to that opinion.

It is for the trial court to determine whether proper foundation has been laid for the testimony. *See Gruzen* v. *State,* 276 Ark. 149, 634 S.W.2d 92 (1982); *Dixon* v. *State,* 268 Ark. 471, 597 S.W.2d 77 (1980).

The appellants should have been allowed to try to qualify the state policeman to give his opinion on the point of impact.

Reversed and remanded.