Joe PRICE, In His Capacity as Administrator
of the Estate of Ray F. PRICE, Deceased,
Jacky Y. HARRIS and FROZEN FOOD EXPRESS, INC.
*v.* Russell U. WATKINS

84-151                                    678 S.W.2d 762

Supreme Court of Arkansas
Opinion delivered October 29, 1984

*Butler, Hicky, Hicky & Routon, Ltd.,* by: *Phil Hicky, II,* for appellant Price.

*Fletcher Long, Jr.,* for appellant, Harris and Frozen Food Express, Inc.

*B. Michael Easley,* and *Dan Dane,* for appellee.

STEELE HAYS, Justice. Russell Watkins, appellee, recovered a judgment in the trial court for injuries sustained when his pickup truck was struck by a tractor-trailer driven by appellant, Jacky Harris, and owned by appellant, Frozen Food Express, Inc.

Watkins had been asked by a neighbor, Ray Price, to follow him from Forrest City to Blytheville to help move some furniture. East of Crowley's Ridge they encountered fog. Price started weaving and stopped diagonally in the highway with his left front wheel over the mid-line. Watkins testified he pulled off on the shoulder and got out of his car to see about Price. He went to Price's side of the car and found him too sick to move. Watkins heard a truck skidding and ran to the shoulder where he was struck, evidently by his own truck, sustaining the injuries complained of. Price avoided the collision by driving forward just as the tractor-trailer skidded into Watkins' truck.

The jury awarded Watkins $125,000 and apportioned fault at 25% to Price and 75% to Harris and Frozen Foods. Harris, Frozen Foods and the administrator of Price's estate[1] have appealed. Five points for reversal are made. We affirm the judgment.

## I

Appellants contend the evidence does not support the jury's failure to assign any negligence to Watkins. Noting that *any* evidence does not equate with *substantial* evidence [citing *Arkansas State Highway Commission* v. *Covert*, 232 Ark. 463, 338 S.W.2d 196 (1960)], they submit that if Watkins was parked on the pavement of the highway in a fog he was guilty of some negligence when an adequate shoulder was available. There was evidence to the effect that Watkins' truck was parked in the right hand lane of the highway: Harris so testified, an investigating officer said Watkins told him that; an expert witness called by Watkins acknowledged that possibility; and debris and skid marks gave some support to the proposition. The evidence on that score would doubtless have supported such a finding, even so, it was not conclusive. Watkins testified that his vehicle was on the shoulder and some physical evidence supported him; we cannot say his version of the collision was an impossibility. Granted, an abridgment of the proof renders that premise more plausible, but the jury hears the witnesses in person and in detail, and observes proof not readily available to us. There were, for example, numerous photographs of the accident scene and the vehicles which are not reproduced in the briefs. We make no attempt to summarize the proof pro and con, as we need only consider the evidence favorable to Watkins. In that light we cannot say substantial evidence was lacking. *Hayes* v. *Farm Bureau Mutual Insurance Co.*, 11 Ark. App. 289, 669 S.W.2d 511 (1984); *St. Paul Fire and Marine Insurance Co.* v. *Protho*, 266 Ark. 1020, 590 S.W.2d 35 (1979).

## II

Appellants contend the size of the verdict is not sup-

---

[1]Ray Price died some three months after the collision.

ported by substantial evidence and is so excessive as to shock the conscience. They recognize the jury's verdict will ordinarily not be disturbed on appeal unless wholly without support in the evidence, or may be said to be the result of passion or prejudice, or to shock the conscience or a sense of justice. *Bradley* v. *Hendrix,* 251 Ark. 733, 474 S.W.2d 677 (1972); *Arkansas Amusement Corporation* v. *Ward,* 204 Ark. 130, 1616 S. W. 2d 178 (1942).

Watkins' injuries included four broken ribs, a collapsed lung and a concussion. He was hospitalized for twenty-eight days. There is no indication of residual impairment and no loss of earnings. His medical expenses totaled $6,103.84, in addition to property damage of $3,035.00. Watkins and other witnesses testified to a great deal of pain during and following his hospitalization and he continued to have pain four years later at the time of the trial. He relies on tranquilizers and has an inability to sleep. Watkins' wife attested to his suffering since the accident.

Finding a point at which damages cease being merely high and become so excessive as to require intervention is a particularily difficult task with little guidance to be found. In the end, the jury's assessment of the measure to be given the elements of a verdict is perhaps as good a guide as any. Here pain and suffering seem to have been the principal constituent, but we cannot say the proof fails to support the amount awarded, given our tradition of permitting the jury to determine the appropriate amount. This verdict is higher than might ordinarily be expected, but not much else can be said about it. Finding no hint of passion, prejudice or other improper influence we believe the verdict must stand. *Arkansas State Highway Commission* v. *Muswick Cigar and Beverage Company,* 231 Ark. 265, 329 S.W. 2d 173 (1959).

III

Appellants claim it was an abuse of discretion to permit witness Larry Williams to testify as a reconstruction expert. Appellants do not especially challenge Williams' credentials as an expert, rather they argue that his conclusions are faulty. Williams' testimony for the most part involved an

opinion as to the speed of the Harris truck and which of its tires left skid marks.

Prior to the enactment of the Uniform Rules of Evidence our cases looked with disfavor on reconstruction of accidents by expert testimony. But we have liberalized that position somewhat since the URE. We need look no further than two recent cases: *B. & J. Byers Trucking, Inc.* v. *Robinson,* 281 Ark. 442, 665 S.W.2d (1984) and *Smith and Vaughn* v. *Davis,* 281 Ark. 122, 663 S.W.2d 165 (1983). In *Byers,* we defined the current status of that rule:

> Counsel's objection, that Arkansas case law does not permit any reconstruction of an accident, was not accurate. In *Woodward* v. *Blythe,* 249 Ark. 793, 462 S.W.2d 205 (1971), we adhered to our earlier position that attempts to reconstruct traffic accidents by means of expert testimony "are viewed with disfavor," but we nevertheless held that expert testimony was necessary in that case for an understanding by the jurors of the physical dynamics and causal relationships involved in the accident. Again, in *Wright* v. *Flagg,* 256 Ark. 495, 508 S. W. 2d 742 (1974), we sustained the trial judge's exclusion of a witness's faulty attempt to reconstruct the accident, but we recognized the existence of exceptions to the broad exclusion of such testimony.

In this case the dynamics of the collision were complex. The tractor-trailer had jackknifed and there was a dispute as to which of its tires produced the skid marks, a material factor. One of the three drivers, Price, had died and Watkins was able to offer very little explanation as to how the collision occurred. To say that expert testimony was unnecessary to enable the jury to understand the forces and causal relationships involved, would be going further than we are willing to go. The trial court determined that the testimony should have been received and no abuse of discretion occurred. *Parker* v. *State,* 268 Ark. 441, 597 S.W.2d 586 (1980).

## IV

Appellants contend there was no proof to warrant giving AMI 616 on rescue:

A person acting under stress in response to humanitarian impulses, in attempting to rescue another who reasonably appears to be in danger of substantial injury or loss of life, is not chargeable with negligence because his conduct may now appear to have been unwise, unless his conduct was rash and reckless. He is required to use only that degree of care a reasonably careful person would use under the same or similar circumstances.

Whether [Watkins] was acting under such stress and whether he used the degree of care required of him is for you to decide.

Appellants argue that Ray Price did not need to be rescued and since he died some three months after the collision, there is no explanation for why he stopped on the highway. We do not find such an absence of proof that we can say reversible error occurred in giving the instruction. Whether Price needed assistance is not known but the surrounding circumstances were such that Watkins may have thought so, and the reasonableness of that assumption was properly submitted to the jury. Price was almost eighty years old, he had high blood pressure and was under medical care. One purpose for the trip was to see a Blytheville physician. Most significantly of all, after weaving from side to side he completely stopped his car, partially blocking both lanes of the interstate in a dense fog, a precarious position by any estimation.

## V

Instruction No. 17 told the jury [in accordance with Ark. Stat. Ann. § 75-647 (Repl. 1979)] that no one should stop or park on the paved portion of the highway, but should leave an unobstructed width of highway for the passage of other vehicles, the parked vehicle to be visible for

two hundred feet in either direction.

Appellant objects because the trial judge did not include the second part of § 75-647 which states that a driver who violates the statute shall be liable for any damages which proximately result from such violation. But Instruction No. 17 conformed exactly to AMI 903 explaining the four statutes covered by the proof and informed the jury that a violation of one or more of those statutes was evidence of negligence. The jury was properly instructed.

To have included the omitted part of § 75-647 would have emphasized that statute over the others, and would have told the jury in effect it should return a verdict for Harris and Frozen Foods irrespective of other elements of the proof. The omitted part was in conflict with AMI 903, as well as with AMI 616, the rescue instruction, and undoubtedly would have confused the jury. It was not error to give the instruction in accordance with AMI 903 rather than as requested by appellants. *Oliver* v. *Fletcher*, 239 Ark. 724, 393 S.W.2d 775 (1965); *Capitol Old Line Insurance Company* v. *Goundy*, 1 Ark. App. 14 (1981).

The judgment is affirmed.