Nelson DROPE *v.* Vickie Eileen OWENS

88-174                                                          765 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered February 20, 1989
[Rehearing denied April 10, 1989.*]

---

*Purtle, J., would grant rehearing. Glaze, J., not participating.

70

*Smith, Jernigan, & Smith*, by: *H. Vann Smith*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by *Ralph R. Wilson*, for appellee.

J. L. HENDREN, Special Justice. This tort action arose out of a right-angle intersection collision between appellant's south-bound motorcycle and appellee's east-bound automobile. Jurisdiction is in this court pursuant to Rule 29(1)(o).

Plaintiff-appellant Nelson Drope sued defendant-appellee Vickie Owens for personal injuries and property damages sustained by Mr. Drope when his motorcycle struck Ms. Owens' automobile within the intersection of Warren Drive and Valley Drive in the city of Little Rock. Mr. Drope appeals from a defendant's verdict returned by a Pulaski County Circuit Court jury and the lower court's denial of his motion for a new trial.

Appellant relies upon the following two points for reversal:

I.    That the [trial] court erred in refusing to allow an expert reconstructionist to testify as to the speed of the motorcycle prior to the accident.

II.   That the [trial] court abused its discretion in refusing to grant a new trial in that the verdict was clearly contrary to the preponderance of the evidence and law.

Appellant's first witness was Little Rock Police Officer Timothy L. Quinn who testified concerning the investigation he made soon after the accident which had happened shortly after 5:00 P.M. on March 21, 1986. Officer Quinn described the scene including some 82 feet of skid, scuff and gouge marks in the appellant's lane of traffic on Warren Drive continuing into the intersection where the impact apparently occurred. He identified photographs of the intersection made from the respective vantage points of appellant on Warren Drive and Appellee on Valley Drive immediately prior to the collision. Stating it was his normal custom to question both drivers involved in an accident and to take statements from them, Officer Quinn related comments made to him by both appellant and appellee. According to Officer Quinn, appellant stated he had been going at least 45 miles per hour before the accident. Warren Drive is posted 20 miles per hour when children are present (there is a school in the area) and 30 miles per hour when children are not present.

The record shows the trial court, having received indication that appellant's second witness would be Mr. Larry Williams as

an accident reconstruction expert, determined that a proffer of Mr. Williams' qualifications and testimony should be made before the court ruled on the admissibility of the evidence. In chambers, Mr. Williams stated impressive credentials and qualifications and appellant's counsel informed the Court Mr. Williams would testify concerning the speed of the motorcycle upon impact. Before ruling, the court inquired how many eyewitnesses were available and was told there would be four. Whereupon, the court ruled that Mr. Williams would not be permitted to testify "because I do not believe his testimony would aid the jury in making a determination that they are not capable of making based on eyewitness testimony."

In explaining the reasons for his ruling, the trial court stated his apparent belief that experts are frequently used to promote particular theories; that theories aren't needed when eyewitnesses are available; that if there were no eyewitnesses, there might be some value or use for specialist, technical, expert testimony; and that since all the expert could go on would be the physical findings of some other witness—such as the marks on the pavement made partly from the tires and partly from the gouge when the motorcycle turned on its side—it was the Court's view that it would be impossible for an expert to come up with a reasonable conclusion as to speed under the circumstances.

Appellant's counsel made the following proffer:

> Mr. Williams would testify that, based on his examination of the police report, the number of feet of skid marks, gouges and measurements of Officer Quinn, based on his conversations with Nelson Drope and the officer, that Mr. Drope was traveling between 29 and 34 miles per hour.

The record does not disclose any specific contention to the trial court on the part of appellant that Mr. Williams' testimony was necessary to help the jurors understand some matter which was otherwise beyond their comprehension.

This court has long held, as a general rule, that attempts to reconstruct accidents by means of expert testimony are viewed with disfavor. *B & J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984); *Reed* v. *Humphreys*, 237 Ark. 315, 373 S.W.2d 580 (1964); *Waters* v. *Coleman*, 235 Ark. 559, 361

S.W.2d 268 (1962); *Henshaw* v. *Henderson*, 235 Ark. 130, 359 S.W.2d 436 (1962); *Conway* v. *Hudspeth*, 229 Ark. 735, 318 S.W.2d 137 (1958); and *Missouri Pac. Ry. Co.* v. *Barry*, 172 Ark. 729, 290 S.W. 942 (1927). However, this court has also consistently recognized exceptions to this general rule where it appears that a particular situation is beyond the jurors' ability to understand the facts and draw their own conclusions. *Price* v. *Watkins*, 283 Ark. 502, 678 S.W.2d 762 (1984); *B & J Byers Trucking, Inc.* v. *Robinson, supra; Wright* v. *Flagg*, 256 Ark. 495, 508 S.W.2d 742 (1974); and *Woodward* v. *Blythe, Adm'r*, 249 Ark. 793, 462 S.W.2d 205 (1971).

It has been said that under Uniform Evidence Rule 702, the question is whether specialized knowledge will assist the jury to understand the evidence or determine a fact issue. *B & J Byers Trucking, Inc.* v. *Robinson, supra.* Whether or not a particular case should be governed by the general rule or should be treated as an exception thereto, is a matter within the trial judge's discretion to be upheld on appeal absent an abuse of that discretion. *Price* v. *Watkins, supra; B & J Byers Trucking, Inc.* v. *Robinson, supra*; and *Parker* v. *State*, 268 Ark. 441, 597 S.W.2d 586 (1980).

While the general rule not favoring reconstruction of accidents by expert testimony has been liberalized somewhat since enactment of the Uniform Rules of Evidence (*e.g. Price* v. *Watkins, supra; B & J Byers Trucking, Inc.* v. *Robinson, supra*; and *Smith & Vaughn* v. *Davis*, 281 Ark. 122, 663 S.W.2d 165 [1983]), we have continued to follow it. In *Johnson* v. *State*, 292 Ark. 632, 732 S.W.2d 817 (1987), we said:

> The general test for admissibility of expert testimony is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact issue. Unif. R. Evid. 702; *B & J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984). An important consideration in determining whether the testimony will aid the trier of fact is whether the situation is beyond the trier of fact's ability to understand and draw its own conclusions. *B & J Byers Trucking, Inc.* v. *Robinson, supra.* Here, lay jurors were fully competent to determine whether the history given by the victim was consistent with sexual abuse.

In *Missouri Pac. Ry. Co.* v. *Biddel*, 293 Ark. 142, 732 S.W.2d 473 (1987), we said:

> It is also notable that this court has taken the position that the opinion of an expert is not admissible if the point in issue is not beyond the comprehension of the jury. In *St. Louis S.W. Ry. Co.* v. *Jackson* [242 Ark. 858, 416 S.W.2d 273 (1967)], we said:
>
> > . . . We have consistently held that it is prejudicial error to admit expert testimony on issues which could conveniently be demonstrated to the jury from which they could draw their own conclusions. See *S & S Construction Co.* v. *Stacks*, 241 Ark. 1096, 411 S.W.2d 508 (1967). Therefore, we hold that the trial court committed reversible error in admitting the expert testimony on the abnormally dangerous crossing.
>
> We reaffirmed that view more recently in *Russell* v. *State*, 289 Ark. 533, 712 S.W.2d 916 (1986). While we upheld the admission of expert testimony in *B & J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984), there the witness made computations which the jury could not have made on its own.

We agree with appellant that the record shows Mr. Williams is well qualified as an expert accident reconstructionist and that, contrary to the trial court's view, he could have formulated and expressed an opinion concerning the speed of the motorcycle based on the information available to him. However, these concerns are not controlling on the issue. We further note that the existence or non-existence of eyewitnesses in a given case is likewise not controlling. These matters are but factors to be considered in determining whether or not the testimony of an expert accident reconstructionist is admissible in a given case. In light of our previous holdings, we must agree with the trial court that, in this particular case, the matter of the speed of a motorcyle was not beyond the comprehension or understanding of the jurors. Further, we cannot say the trial court abused his discretion in determining, based upon the proffer and other matters before him, that Mr. Williams' testimony was not necessary to help the jurors understand the evidence and draw their own conclusions. Accordingly, we find no merit in appellant's first ground for

reversal.

As we have said before, we now say again that the determinations of the need for an expert witness and of the expert witness' qualifications are matters lying within the trial judge's discretion, to be upheld upon appeal, absent an abuse of that discretion. With regard to accident reconstruction, the general test for admissibility is whether the testimony will aid the trier of fact in understanding the evidence or in determining a fact issue. Among the considerations to be used by the trial judge in determining whether the testimony will aid the trier of fact is whether the situation is beyond the trier of fact's ability to understand and draw its own conclusions.

Appellant's second ground for reversal is that the trial court abused his discretion in refusing to grant a new trial and that the verdict was clearly contrary to the preponderance of the evidence and law.

■■ Granting or refusing of a motion for a new trial is a discretionary act by the trial court and the appellate court reverses only where an abuse of discretion is clearly shown. *Bittle v. Smith*, 254 Ark. 123, 491 S.W.2d 815 (1973). Further, on appeal we must view the evidence in the light most favorable to the appellee and affirm the lower court's decision if there is any substantial evidence to support the jury verdict. *Mallett* v. *Brannon*, 246 Ark. 541, 439 S.W.2d 32 (1969).

With these rules in mind, we review the evidence in this case. The testimony of Officer Quinn has already been summarized above. There were four eyewitnesses to the collision including appellant, appellee, John Drope (appellant's brother) and Robert W. Harris (a bystander).

Appellant said he saw appellee sitting at the stop sign on Valley Drive when he stopped at a similar stop sign a block away prior to entering Warren Drive and proceeding toward the intersection where appellee already was. He stated appellee started, stopped, started and then stopped again all while he proceeded South on Warren Drive toward its intersection with Valley Drive. He stated he was unable to avoid hitting appellee because of her erratic actions and had to lock his brakes, lay the motorcycle on its side and slide into the side of appellee's

automobile. Appellant admitted telling Officer Quinn he was going between 35 and 40 miles per hour but said at the trial he felt his speed was only 25 to 30 miles per hour although there was no speedometer on the motorcycle. John Drope, who was riding a motorcycle behind appellant, testified essentially in accordance with appellant's testimony.

Appellee said she pulled up to the stop sign on Valley Drive outside the intersection with Warren Drive and then pulled up where she could see. She said she saw appellant and his brother on their motorcycles as they came on to Warren Drive a block away; that she thought she had time to get across the intersection but looked up and saw they were coming very fast and were going to hit her; and that when she saw them coming fast, it appeared appellant was trying to go in front of her car and this is why she stopped. Appellee admitted that she did not come to a complete stop at the stop sign and stated she thought that appellant was coming too fast.

Robert W. Harris testified he saw appellant turn onto Warren Drive without making a complete stop before he did so. He saw the motorcycles proceed down Warren Drive to the intersection with Valley Drive and said appellant was going so fast that he locked his brakes and lost control and there was no way he could have avoided hitting appellee. Mr. Harris testified to his opinion that appellant was driving 45 to 50 miles per hour.

There were no objections to the trial court's instructions to the jury and we cannot say the evidence in the record was not sufficiently substantial to support the jury's verdict. *Mallett v. Brannon, supra; Arkansas Louisiana Gas Co.* v. *Wood*, 240 Ark. 948, 403 S.W.2d 54 (1966); and *Oliver* v. *Miller*, 239 Ark. 1043, 396 S.W.2d 288 (1965). Accordingly, we do not believe the trial court abused his discretion in denying appellant's motion for a new trial, and we find no merit in the second point for reversal.

Affirmed.

PURTLE, J., dissents.

GLAZE, J., not participating.

JOHN I. PURTLE, Justice, dissenting. I do not enjoy dissenting from an opinion so well written and so well researched. In fact,

the majority opinion correctly states the law as it has been developed in the past. However, I write with the hope of pointing out that the rationale behind these older decisions is not present in today's society.

Relevant evidence, according to A.R.E. Rule 401, is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 states: "All relevant evidence is admissible, except as otherwise provided by statute or by these rules or by other rules applicable in the courts of this State." Of course the trial court must have discretion in determining the qualifications of a reconstruction expert.

The speed of the vehicles was a matter in sharp dispute in the present case. The investigating officer, who did not witness the accident, gave his testimony concerning the speed of the vehicles at the time of the accident. Certainly evidence on this issue is relevant. All relevant evidence is admissible. It seems to me that if the testimony of one witness concerning speed is relevant, certainly evidence presented by another witness on the same issue is relevant.

In *Woodward* v. *Blythe*, 249 Ark. 793, 462 S.W.2d 205 (1971), this court held that expert testimony was necessary in that case for an understanding by the jurors of the physical dynamics and causal relationships involved in the accident. *Woodward* was rather an unusual case, but the reasons for allowing the testimony of a reconstruction expert are the same in the present case. In a case decided after the uniform rules were adopted, we held that it was proper to permit the testimony of a reconstruction expert. In *B & J Byers Trucking, Inc.* v. *Robinson*, 281 Ark. 442, 665 S.W.2d 258 (1984), we upheld the action of the trial court permitting an officer to testify as a reconstruction expert. The jury in the present case was not shown to have been in any better position to make computations and figure out the physical dynamics and causal relationships involved in the accident than was the jury in *Byers*.

Our cases should be controlled by the rules of evidence. If evidence is relevant, it is admissible, unless it is excluded by some other rule or law. Otherwise, our cases will continue to be in hopeless conflict.